United States District Court
Southern District of Texas
**ENTERED**
February 03, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| MICHAEL HORN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. G-15-126 |
| | § | |
| CAROLYN W. COLVIN, Commissioner of the Social Security Administration, | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER

Before the Court, with the consent of the parties, is Plaintiff's Motion for Summary Judgment (Dkt. Nos. 12, 13) to which the Defendant filed a response. (Dkt. No. 14). Having reviewed the pending motion, the response, the administrative record, and the applicable law, the Court concludes that Plaintiff's Motion for Summary Judgment is granted and this matter is remanded to the Commissioner of the Social Security Administration for further proceedings.

## I. BACKGROUND

On December 6, 2012, Plaintiff Michael Horn (Horn) filed an application with the Social Security Administration (SSA), seeking disability insurance benefits (DIB) under Title II and supplemental security income (SSI) under Title XVI. (Transcript (Tr.) 261-272, 294-304). In his application, Horn alleged that his disability began on January 15, 2010, and that it was due to Type II diabetes, vision problems, arthritis, hip and foot pain and high blood pressure. (Tr. 269, 294, 299). Horn's applications for DIB and SSI benefits were denied initially and on reconsideration. (Tr. 60-94). Horn requested a hearing before an Administrative Law Judge

(ALJ).

A hearing was held before an ALJ on March 12, 2014. During the hearing, the ALJ heard testimony from Horn, who was represented by counsel, and from a vocational expert (VE). (Tr. 26-59). Following the hearing, the ALJ issued a decision that was unfavorable to Horn. (Tr. 14-22). Horn requested review of the decision by the Appeals Council, but his request for review was denied on April 2, 2015. Accordingly, the ALJ's decision is the final decision of the Commissioner.

On May 29, 2015, Horn filed this civil action seeking judicial review of the Commissioner's decision. (Dkt. No. 1). After the administrative record was filed (Dkt. No. 8), Horn moved for summary judgment (Dkt. Nos. 12, 13), to which the Commissioner filed a response. (Dkt. No. 14). The Motion is now ripe for adjudication.

## II. LEGAL STANDARD

Judicial review of a denial of disability benefits "is limited to determining (1) whether substantial evidence supports the Commissioner's decision, and (2) whether the Commissioner's decision comports with relevant legal standards." *Jones v. Apfel*, 174 F.3d 692, 693 (5th Cir.1999); 42 U.S.C. § 405(g). Substantial evidence is defined as more than a scintilla, less than a preponderance, and as being such relevant and sufficient evidence as a reasonable mind might accept as adequate to support a conclusion. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir.1995). In applying the substantial evidence standard, the reviewing court does not re-weigh the evidence, retry the issues, or substitute its own judgment, but rather, its role is to scrutinize the administrative record to determine whether substantial evidence is present. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). A finding of no substantial evidence is appropriate only if there

is a conspicuous absence of credible evidentiary choices or contrary medical findings to support the Commissioner's decision. *Johnson v. Bowen*, 864 F.2d 340, 343–44 (5th Cir.1988). "The Commissioner, not the court, has the duty to weigh the evidence, resolve material conflicts in the evidence, and make credibility choices." *Carrier v. Sullivan*, 944 F.2d 105, 109 (5th Cir.1991).

## III. DISCUSSION

Horn's challenge to the administrative decision is aimed at Step 2 where he maintains that the ALJ failed to apply the correct standard when evaluating the severity of his impairments. In particular, Horn argues that the ALJ "applied the incorrect severity standard under *Stone* and thereby found no severe impairments, denying Horn's case at step two of the sequential analysis." (Dkt. No. 13 at 11). The Commissioner counters that substantial evidence exists in the record to support the ALJ's decision, that the decision comports with applicable law, that any deficiency in the ALJ's written decision constitutes harmless error, and that the decision should be affirmed. (Tr. 14 at 3).

The Social Security Administration uses a well-established five-step process to determine whether an individual is disabled. See 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The steps must be followed sequentially and, if at any step the Commissioner determines that the claimant is disabled or not disabled, the evaluation ends. *Id.* At Step 2, the ALJ is tasked with deciding whether the claimant's impairments are severe. 20 C.F.R. §§ 404.1520(c), 416.920(c). To evaluate whether a claimant's medical conditions qualify as a "severe impairment" at Step Two of the analysis, the Commissioner has issued regulations that define a "severe impairment" as one that "significantly limits [a claimant's] physical or mental ability to do basic work activities." *Id.* The Fifth Circuit in *Stone v. Heckler*, however, found that a literal application of that definition

is inconsistent with the statutory language and legislative history of the Social Security Act. *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir.1985). Instead, the Court determined that an impairment can be considered as not severe only if it is a "slight abnormality" having "such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education[,] or work experience." *Loza v. Apfel*, 219 F.3d 378, 391 (5th Cir.2000) (citing *Stone*, 752 F.2d at 1101). Thus, the effect of the language of *Stone* clearly allows for a minimal effect on the individual, but it makes no allowance for a minimal interference with the ability to work.

In this case, the ALJ began her discussion by setting forth the "Applicable Law" for Step 2. As reflected in the decision, the ALJ wrote:

> [a]n impairment or combination of impairments is 'severe' within the meaning of the regulations if it significantly limits an individual's ability to perform basic work activities. An impairment or combination of impairments is 'not severe' when medical or other evidence establish only a slight abnormality or combination of slight abnormalities that would have no more than minimal effect on an individual's ability to work.

(Tr. 15). Utilizing this standard, the ALJ then found:

> [t]he claimant has the following medically determinable impairments: obesity, diabetes mellitus, hypertension, hyperlipidemia, minimal osteoarthritis of the left knee, minimal degenerative changes of the glenohumeral joint and a history of polysubstance abuse.
>
> The claimant does not have an impairment or combination of impairments that has significantly limited (or is expected to significantly limit) the ability to perform basic work-related activities for 12 consecutive months; therefore, the claimant does not have a severe impairment or combination of impairments.

(Tr. 17). Notably, given the semantics of the ALJ's decision, coupled with the ALJ's failure to cite *Stone* or a similar opinion, leads the Court to conclude that the ALJ applied an incorrect

4

standard when assessing severity. *See Sanders v. Astrue*, 2008 WL 4211146 (N.D.Tex. Sept. 12, 2008).

Nevertheless, the mere fact that the ALJ did not recite the *Stone* standard or set forth the proper standard in discussion of the his impairments, is not sufficient, standing alone, to warrant automatic remand. *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir.2012); *see generally, Hampton v. Bowen, v. Bowen*, 785 F.2d 1308, 1311 (5th Cir.1986) (explaining that a case will not be remanded simply because the ALJ did not use "magic words."). Instead, the Fifth Circuit has clarified that even if the ALJ erred in failing to follow the procedures set out in *Stone*, such error does not require automatic remand unless the claimant is harmed by the error. *Taylor*, 706 F.3d at 603; *McDaniel v. Colvin*, No. 4:13-CV-989-0, 2015 WL 11169919, at *3 (N.D.Tex. March 13, 2015) (recognizing clarification set forth in *Taylor*).

After reviewing the record in this case, the Court cannot conclude that the error was harmless for two reasons. First, this is not a case where any harm that may have resulted from the error was negated when the ALJ proceeded past Step 2 and through all the subsequent steps of the sequential process. *See Jones v. Bowen*, 829 F.2d 524, 527 n. 1 (5th Cir.1987) (rejecting claimant's argument concerning *Stone* because ALJ proceeded through steps four and five of the analysis); *Chaparro v. Bowen*, 815 F.2d 1008, 1011 (5th Cir.1987) (although dicta, the court explained that claimant was not harmed by any *Stone* error because the decision to deny the claimant benefits was not based on a finding of non-severity, but on whether he could return to his past relevant work); *Burqette v. Colvin*, No. 12-1155, 2013 WL 3776291, at *3 (W.D.La. July 15, 2013) (recognizing that no prejudice exists because "once a severe impairment is determined to exist, all medically determinable impairments [including non-severe ones] must be

considered in the remaining steps of the sequential analysis"). On the contrary, in this case, the ALJ terminated the analysis at Step 2 with a finding of non-disability based on the non-severity of the claimant's. (Tr. 14-22).

Second, based on Horn's subjective complaints, coupled with the findings and opinion of the consultative examiner, Dr. Chintamaneni, M.D. the Court is unable to conclude that substantial evidence supports the ALJ's decision. *See generally, See Taylor*, 706 F.3d at 602 ("[s]ubstantial evidence is enough that a reasonable mind would support the conclusion."). In this case, the medical records reflect that Dr. Chintamaneni examined Horn and found that he had diminished sensation in both feet and decreased range of motion, along with crepitus and tenderness, in both shoulders. (Tr. 435). These findings are consistent with Horn's testimony that his conditions interfered with his ability to stand and walk and that he suffered from arthritis in his shoulders that produced difficulty in reaching. (Tr. 44-49). More significant, however, is Dr. Chintamaneni's assessment of Horn as having diabetes mellitus **with possible end organ complications**. (Tr. 435-436). Taking Dr. Chintamaneni's assessment as true – particularly since no fact finder has attempted to either clarify it or reconcile it with the opinions of the non-examining doctors – lends credence to Horn's position. Nevertheless, "[a]ssessing the probative value of competing evidence is quintessentially the role of the fact finder." *Sun v. Colvin*, 793 F.3d 502, 513 (5th Cir. 2015). It is not the role of the Court to undertake such an assessment here. *See Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002) (a court "will not re-weigh the evidence, try the questions *de novo*, or substitute our judgment for the Commissioner's"). Thus, being unable to determine that the ALJ's error was harmless, the Court concludes remand is warranted in this case.

## CONCLUSION

Considering the record as a whole, this Court concludes that proper legal standards were not adhered to and the Commissioner's decision is not supported by substantial evidence. The Court, therefore, concludes that the Plaintiff's Motion for Summary Judgment is **GRANTED**; and that this action is **REMANDED** to the Social Security Administration pursuant to Sentence 4 of 42 U.S.C. § 405(g), for further proceedings consistent with the determinations made herein.

**DONE** at Galveston, Texas, this _____3d_____ day of February, 2017.

_____
JOHN R. FROESCHNER
UNITED STATES MAGISTRATE JUDGE